IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**BURT LEON SETTS,**

    Petitioner,

vs.                                    Case No. 4:14cv162-MW/CAS

**JULIE L. JONES, Secretary,**
**Florida Department of Corrections,**[1]

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On March 25, 2014, Petitioner Burt Leon Setts, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. After direction by this Court, ECF No. 3, Setts filed an amended § 2254 petition and supporting memorandum on May 8, 2014, ECF No. 4. Setts, convicted in 1983, raised two grounds challenging the decision of the Department of Corrections (DOC) not to award him incentive gain time. *Id.* at 5, 6. Respondent DOC filed an answer

---

[1]The Clerk of Court shall substitute Julie L. Jones, as Secretary of the Florida Department of Corrections, for Michael D. Crews. Julie Jones became Secretary on January 5, 2015, and shall be automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

on August 19, 2014, with attachments.  ECF No. 6.  Setts filed a reply on September 4, 2014.  ECF No. 7.  The case was placed in line for review.

On February 24, 2016, Setts filed "Amended and Supplemental Pleadings," specifically another amended § 2254 petition and a memorandum of law.  ECF Nos. 9 and 10.  Setts requests "to cancel ground #2 of the original pleading" and "add a revised document by the DOC, Form DC6-113 (Revised 9-00) exhibit (F) attached."  ECF No. 10-1.

The matter was referred to the undersigned magistrate judge for issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases.  The pleadings and attachments before the Court show that the petition should be dismissed.  *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Analysis

Petitioner Burt Setts is an inmate in the Florida DOC, serving a 75-year sentence pursuant to a 1983 conviction for second degree murder and sexual battery in case number 82-CF-412-A from the Second Judicial Circuit, Gadsden County, Florida, the offenses having been committed between May 28, 1981, and June 5, 1981. ECF No. 4 at 34-39. In his amended petition, Setts raised two grounds challenging the decision of the DOC not to award him incentive gain time. *Id.* at 5-6. He has since withdrawn the second ground. *See* ECF No. 10-1 at 2.

In its answer, Respondent DOC asserts this action should be dismissed because Setts failed to exhaust his administrative remedies. ECF No. 6 at 4, 7-11. Respondent also asserts this action should be dismissed as time-barred. *Id.* at 11.

Regarding exhaustion, as Respondent points out, Setts indicates in his petition that "[e]xhausting sate remedies is not required for the issues of this case." ECF No. 4 at 5; see ECF No. 7 at 2. In addition, Respondent attaches a copy of a Request for Administrative Remedy or

Appeal submitted by Petitioner Setts and dated January 29, 2014.  ECF No. 6 at 32.  In this request, Setts describes his grievance:

> This is an [sic] direct grievance because under F.A.C. Chapter 33 Grievance Procedures no remedy is provided for Recomputing of Incentive Gain Time.  As the court mandated D.O.C. to recompute my incentive gain-time not a particular institution of the D.O.C. in Singletary v. Hamilton, 661 So. 2d 816 (Fla. 1995) at (FN2).  "As explained in the DOC's letters to inmate's [sic] affected by Waldrup incentive gain-time awards were converted to work and extra gain-time, " I did not receive a letter from DOC explaining that my incentive gain-time had been converted.  I'm requesting that it be done.

*Id.*  Respondent also attaches the DOC response, dated February 14, 2014, which provides:

> Your request for administrative appeal is in non-compliance with the Rules of the Department of Corrections, Chapter 33-103, Inmate Grievance Procedure.  The rule requires that you first submit your appeal at the appropriate level at the institution.  You have not done so or you have not provided this office with a copy of that appeal, nor have you provided a valid or acceptable reason for not following the rules.
>
> Upon receipt of this response, if you are within the allowable time frames for processing a grievance, you may resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure.
>
> Based on the foregoing information, your grievance is returned without action.

ECF No. 6 at 33.

Thus, it appears that, at least initially, Setts attempted to exhaust his administrative remedies with the DOC.  It does not appear, however, that he completed the process through DOC or that he pursued his remedies through the state court system by filing a petition for writ of mandamus or habeas corpus in the state circuit court and then seeking review in the state appellate court.  *See, e.g.*, Seymour v. McNeil, No. 5:07cv243-RS/MD, 2008 WL 5273559, at *8 (N.D. Fla. Dec. 18, 2008) (district court order denying petition for habeas corpus, adopting report and recommendation explaining exhaustion where petitioner challenged incentive gain-time: "Respondent concedes petitioner exhausted this claim by seeking relief through the institutional grievance process and then filing a petition for writ of mandamus in the Leon County Circuit Court.  After the circuit court denied relief, petitioner sought certiorari review in the Florida First District Court of Appeal.  The First DCA denied relief." (citations omitted)); Williams v. McDonough, No. 4:06cv142-WS/MD, 2007 WL 3046748 (N.D. Fla. Oct. 18, 2007) (district court order dismissing petition for habeas corpus for failure to exhaust state court remedies, where petitioner challenged incentive gain time calculation, and adopting report and recommendation, which explained: "It appears that petitioner did go

through the administrative process, although it is unclear that he fully exhausted every issue at every level.  However, it makes no difference whether he fully exhausted administratively, because even if he did, he failed to take the next required step.  In order to meet § 2254's requirement of state court exhaustion he was required to seek habeas relief in the state circuit court . . . The available procedure under Florida law is a petition for mandamus or habeas corpus in the circuit court. . . . Petitioner was therefore required to take his case to the state courts for review, and by failing to do so, he did not meet the § 2254(c) exhaustion requirement before he filed the instant federal habeas petition.").

     Prior to filing a federal habeas petition, a state court prisoner must exhaust available state court remedies, thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)); see 28 U.S.C. § 2254(b)(1). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve

constitutional issues by invoking one complete round of the State's established review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Because Setts did not exhaust his state institutional and court remedies, the State has not had an opportunity to consider and rule on his claim. Accordingly, this § 2254 petition should be dismissed for lack of exhaustion.

## Conclusion

For the reasons stated above, the amended § 2254 petition (ECF No. 4) should be dismissed for lack of exhaustion.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

## Recommendation

It is therefore respectfully **RECOMMENDED** that the amended § 2254 petition for writ of habeas corpus (ECF No. 4) be **DISMISSED**, a certificate of appealability be **DENIED**, and leave to appeal in forma

pauperis be **DENIED**.  The Clerk shall substitute Julie L. Jones for Michael D. Crews as Respondent.

**IN CHAMBERS** at Tallahassee, Florida, on March 15, 2016.

        s/  Charles A. Stampelos
        **CHARLES A. STAMPELOS**
        **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**