UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BURT LEON SETTS,

    *Petitioner,*

v.                  CASE NO. 4:14-CV-162-MW/CAS

JULIE L. JONES,
SECRETARY OF THE
FLORIDA DEPARTMENT
OF CORRECTIONS

    *Respondent.*
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 11, and has also reviewed de novo Petitioner's objections to the report and recommendation, ECF No. 17. The report and recommendation is adopted as this Court's opinion, with the following observations.

Petitioner should understand that his petition is being dismissed not on its merits—on which this Court expresses no opinion—but because he has failed to exhaust his claim through the appropriate channels. He must first utilize the administrative grievance process set up by the Department of Corrections. If that

1

fails to bring him relief, he may file an application in the state circuit court for a writ of habeas corpus. *See Greene v. Tucker*, 113 So. 3d 45, 48 n.5 (Fla. 2d DCA 2012) ("A petition for writ of habeas corpus is the proper mechanism for an inmate to challenge [DOC's] deprivation of the inmate's gain time if a prisoner's sentence would have expired had [DOC] properly awarded gain time."). If that application is denied, he may appeal to the appropriate District Court of Appeal. *See Sumler v. Florida*, 958 So. 2d 1001, 1002 (Fla. 1st DCA 2007) (per curiam) (denial or grant of habeas petition in a circuit court is directly appealable to a DCA). If the denial of his petition is upheld, the next stop would be this Court, because review by the Florida Supreme Court is not part of the "standard review process" in Florida state courts. *See Tucker v. Dep't of Corr.*, 301 F.3d 1281, 1286 (11th Cir. 2002) (Barkett, J., concurring).

This Court would hope, though, that if Petitioner is correct on the merits and DOC has miscalculated his gain time by failing to follow *Raske v. Martinez*, 876 F.2d 1496 (11th Cir. 1989), DOC would simply correct the error rather than fight him tooth and nail through several courts. Such an approach would serve the ends of justice, save the taxpayers of Florida money, and avoid wasting the time of numerous state and federal courts.

**IT IS ORDERED:**

1. The report and recommendation, ECF No. 11, is accepted and adopted, over Petitioner's objections, as this Court's opinion.

2. The Clerk shall enter judgment stating, "The amended petition for writ of habeas corpus, ECF No. 4, is DISMISSED for failure to exhaust state remedies. No certificate of appealability will issue. Leave to appeal in forma pauperis is DENIED."

3. The Clerk shall terminate all outstanding motions and close the file.

**SO ORDERED on May 26, 2016.**

                                          s/Mark E. Walker
                                          **United States District Judge**